# EXHIBIT A

Complaint

June 8, 2022

1

**GREGORY LAW GROUP**

2
**Robert M. Gregory, Esq. (021805)**
1230 West Windhaven Avenue

3
Gilbert, Arizona 85233

4
Phone: (602) 373-0109
Fax: (602) 865-7060

5

*Attorney for Plaintiff*

6

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/8/2022 4:18:39 PM
Filing ID 14410994

7
**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8
**IN AND FOR THE COUNTY OF MARICOPA**

9
NATANYA OAKLEY, a single woman,               )  No.:   CV2022-092459

10
    Plaintiff,                                        )      **COMPLAINT**

11
    vs.                                               )      **NEGLIGENCE**

12

13
LIFETIME FITNESS, INC., d/b/a LIFETIME )      **(Jury Trial Requested)**
FITNESS, a foreign corporation; JOHN )

14
DOES I-V; JANE DOES I-V; ABC )
PARTNERSHIPS I-X; and XYZ )

15
CORPORATIONS I-X, )

16
    Defendant.                                        )

17
                                   )

18

19
    Plaintiff NATANYA OAKLEY by and through counsel undersigned, for her

20
Complaint, alleges as follows:

21
    1.    Venue and jurisdiction are proper in Maricopa County, Arizona.

22
    2.    At all relevant times, Plaintiff NATANYA OAKLEY was a resident of

23
Maricopa County, Arizona.

24
    3.    Plaintiff alleges, upon information and belief, that Defendant LIFETIME

25
FITNESS, INC. d/b/a LIFETIME FITNESS ("Defendant") is authorized to and doing

26
business in the State of Arizona, and caused an event to occur in Arizona, and caused

27
an event to occur in Arizona that is the subject of Plaintiff's Complaint herein.

28
    4.    Plaintiff alleges that on September 23, 2021 she was a member of
Defendant's fitness center located in Phoenix, Arizona.

5.      JOHN DOES I-V and JANE DOES I-V, ABC PARTNERSHIPS I-X and XYZ are individuals, partnerships, corporations and/or other businesses or governmental entities who are or may be liable to Plaintiff, and whose identities are unknown to Plaintiff. Plaintiff requests leave to amend the Complaint to reflect their true names once ascertained.

6.      Any individual Defendant named herein acted at all times material hereto, both individually and for and on behalf of the marital community consisting of such individual Defendant and his or her spouse.

7.      Any individual Defendant named herein acted at all times material hereto, both individually and for and on behalf of, and within the scope of his or her employment or agency relationship with, any other Defendant named herein, including by and through the doctrine of *respondeat superior*.

8.      The amount of controversy satisfies the jurisdictional requirement of the Superior Court.

## COUNT ONE
## NEGLIGENCE

9.      Plaintiff realleges the foregoing paragraphs 1-8 as if fully set forth herein.

10.      On September 23, 2021, at approximately 6:40 p.m., Plaintiff was leaving a training class at Defendant's facility and was walking to the elevator. Without any warning signs provided by Defendant, Plaintiff tripped on an elevated tile in the floor, causing her to fall hard onto her left knee and suffering a whiplash injury. Plaintiff's fall was witnessed by the fitness class instructor of Plaintiff's training class as well as another person who was in the class.

11.      On September 23, 2021, Plaintiff filed an Incident Report with staff members working for Defendant in which she documented her fall and injuries. In support of the Incident Report, Plaintiff subsequently provided Defendant with an affidavit in which she detailed the accident and her injuries.

12.      On or about September 24, 2021, Plaintiff spoke with Kayla (LNU), the General Manager at Defendant's facility where Plaintiff was injured. In the

conversation between Plaintiff and the General Manager, Plaintiff remembers that Kayla acknowledged that she was aware that there were loose or uneven tiles where Plaintiff had fallen and that these same tiles needed to be replaced often. In this same conversation, Plaintiff asked Kayla if there was camera footage of Plaintiff's fall, to which Kayla replied that Defendant did have camera footage of the incident and would retain that footage for thirty (30) days. Plaintiff specifically directed Kayla to not destroy this footage and to retain it in the event that this matter ever came to litigation.

13.    In order to further document her claims, Plaintiff took several photos of the tile which had caused her to fall, which photos clearly showed that the tile on which Plaintiff had fallen was elevated.

14.    As a result of her fall, Plaintiff has suffered from severe left knee pain and whiplash since September 23, 2021. Plaintiff has received pain injections to her neck, physical therapy, and chiropractic treatment, all of which has provided temporary relief to her neck pain. Plaintiff still has difficulty putting full pressure onto her left knee as of May 17, 2022 and her neck pain has partially abated.

15.    Upon information and belief, Defendant's General Manager, and presumably other staff members, were fully aware that one of the tiles in an area where members of Defendant's facility routinely walked had a tile that was often uneven, presenting a substantial risk of a serious injury.

16.    Defendant had a duty to keep its premises safe and free and clear from any unreasonably safe hazardous and/or dangerous conditions.

17.    Defendant failed to keep its premises safe and free and clear from any unreasonably unsafe, hazardous and/or dangerous conditions and breached its duty by failing to maintain its premises by repairing tiles in areas frequented by members of Defendant's facility, and/or by failing to notify the patrons and invitees and guests of Defendant's facility, including Plaintiff, of an unreasonably unsafe, hazardous and/or dangerous condition(s) for persons like Plaintiff. Defendant's negligence was caused by the negligent and careless manner in which Defendant attended to and maintained its premises.

18.    Defendant knew or should have known that the presence of uneven tiles in areas frequented by members of Defendant's facility, including Plaintiff, was an unreasonably unsafe, hazardous and/or dangerous condition(s) and could cause members of Defendant's facility, including Plaintiff, to slip and fall and be injured.

19.    Defendant had a non-delegable duty to keep all of its premises free and safe from unreasonably unsafe, hazardous, and/or dangerous conditions which may cause injury to members of Defendant's facility, including Plaintiff.

20.    As a direct and proximate result of Defendant's negligence and its failure to provide premises that were safe and free and clear from any unreasonably unsafe, hazardous and/or dangerous condition(s), Plaintiff, Natanya Oakley, slipped and fell on an uneven tile and suffered serious and potentially permanent personal injuries and damages.

21.    As a further direct and proximate result of Defendant's negligence, Plaintiff sustained severe, potentially permanent and disabling injuries which have resulted in considerable pain, suffering, inconvenience, and loss of enjoyment of life, and will continue to do so in the future.

22.    As a further direct and proximate result of Defendant's negligence, Plaintiff has incurred medical and related expenses for care and treatment and may continue to do so in the future.

WHEREFORE, Plaintiff Natanya Oakley requests judgment against the Defendant, as follows:

A.    For general damages in a fair and reasonable amount;

B.    For the reasonable value of Plaintiff's medical and related expenses incurred to date and any future expenses;

C.    For the reasonable value of Plaintiff's pain and suffering;

D.    For punitive damages;

E.    For Plaintiff's costs and expenses incurred to date, and to be incurred in the future of this action; and

F.    For such other and further relief as the Court may deem just and proper.

DATED this  8th  day of June, 2022.

**GREGORY LAW GROUP**


By  /s/Robert M. Gregory
          Robert M. Gregory, Esq.
          1230 West Windhaven Avenue
          Gilbert, Arizona 85233
          *Attorneys for Plaintiff*

# EXHIBIT B
Civil Cover Sheet

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/8/2022 4:18:39 PM
Filing ID 14410995

**Plaintiff's Attorney:**

Robert M Gregory
Bar Number: 021805, issuing State: AZ
Law Firm: Gregory Law Group
1230 West Windhaven Avenue
Gilbert, AZ 85233
Telephone Number: (602)373-0109
Email address: robert@gregorylawaz.com

CV2022-092459

**Plaintiff:**

Natanya Oakley, NKA Natanya Oakley
1342 E. 9th Avenue
Mesa, AZ 85204
Telephone Number: (929)228-6988
Email address: ooaakn@gmail.com

**Defendant:**

Lifetime Fitness, Inc., DBA Lifetime Fitness
300 W. Clarendon Avenue Suite 240
Phoenix, AZ 85013

Discovery Tier t2

Case Category: Tort Non-Motor Vehicle
Case Subcategory: Negligence

AZTurboCourt.gov Form Set #6889019

# EXHIBIT C
Summons

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/8/2022 4:18:39 PM
Filing ID 14410997

Person/Attorney Filing: Robert M Gregory
Mailing Address: 1230 West Windhaven Avenue
City, State, Zip Code: Gilbert, AZ 85233
Phone Number: (602)373-0109
E-Mail Address: robert@gregorylawaz.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 021805, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Natanya Oakley, NKA Natanya Oakley
Plaintiff(s),
v.                                                          Case No.  **CV2022-092459**
Lifetime Fitness, Inc., DBA
Lifetime Fitness                                            **SUMMONS**
Defendant(s).

To: Lifetime Fitness, Inc., DBA Lifetime Fitness

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 08, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *SENA ALLEN*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6889019

2

# EXHIBIT D
Certificate of Compulsory
Arbitration

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/8/2022 4:18:39 PM
Filing ID 14410996

Person/Attorney Filing: Robert M Gregory
Mailing Address: 1230 West Windhaven Avenue
City, State, Zip Code: Gilbert, AZ 85233
Phone Number: (602)373-0109
E-Mail Address: robert@gregorylawaz.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 021805, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Natanya Oakley, NKA Natanya Oakley<br>Plaintiff(s),<br>v.<br>Lifetime Fitness, Inc., DBA<br>Lifetime Fitness<br>Defendant(s). | Case No.  **CV2022-092459**<br><br>**CERTIFICATE OF<br>COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Robert M Gregory /s/
     Plaintiff/Attorney for Plaintiff

# EXHIBIT E

Demand Letter

March 17, 2022



### GREGORY LAW GROUP

MEDICAL MALPRACTICE • PERSONAL INJURY •
WRONGFUL DEATH

*EST. 2004*

1230 W. Windhaven Avenue
Gilbert, AZ • 85233
Office: (602) 373-0109
Fax: (602) 865-7060
robert@gregorylawaz.com

March 17, 2022

Bob Capecci
Sr. Claim Specialist
CorVel Corporation
P.O. Box 4400
Lisle, IL 60532

Bahram Akradi, President
Life Time Fitness, Inc.
d/b/a Life Time Fitness
c/o Cogency Global, Inc., statutory agent
300 W. Clarendon Ave., Ste. 240
Phoenix, AZ 85013

|          |                              |
|----------|------------------------------|
| Re:      | Natanya Oakley Accident Claim |
| Claim No.: | 1486-GL-21-0300082-001      |
| DOI:     | September 23, 2021           |

Mr. Capecci:

My firm has been retained by Natanya Oakley in preparation of filing a lawsuit in Maricopa County Superior Court against your insured, Life Time Fitness, Inc. d/b/a Life Time Fitness Biltmore ("LTF"), for injuries sustained by Ms. Oakley on September 23, 2021, at the LTF facility in Phoenix, Arizona.

I am submitting a demand letter at this time for the limited purpose of attempting to settle this matter prior to initiating litigation. Because Ms. Oakley, age 36, suffered knee and whiplash injuries due to the slip and fall at your facility, my client has instructed me to file suit on or before May 1, 2022, in the event the parties have not reached a settlement by that date.

**LIABILITY**

On September 23, 2021, at approximately 6:40 p.m., Ms. Oakley was leaving her Hydro training class located in the pool area and was walking to the private entrance elevator. Without



## GREGORY LAW GROUP

MEDICAL MALPRACTICE • PERSONAL INJURY •
WRONGFUL DEATH

*EST. 2004*

1230 W. Windhaven Avenue
Gilbert, AZ • 85233
Office: (602) 373-0109
Fax: (602) 865-7060
robert@gregorylawaz.com

any warning, Ms. Oakley tripped and fell directly onto her left knee. When she attempted to stand, she realized that her flip flop was broken and upon examination of the area where she fell Ms. Oakley discovered an uneven area of the pavement.

Ms. Oakley filed an incident report with the staff members at LTF in which she documented her fall and injuries. (*See* Incident Report, attached as Exh. 1.) In support of the incident report, Ms. Oakley also provide LTF with an affidavit in which she wrote more extensively of the incident. (*See* Affidavit of Incident dated 9/24/2021, attached as Exh. 2.) You will note that there was a witness to my client's injury who we will call upon, if necessary, to corroborate my client's Affidavit.

On or about September 24, 2021, Ms. Oakley spoke with Kayla, the General Manager at LTF, about her accident the previous day. According to my client, Kayla acknowledged that she was aware that there were loose or uneven tiles where Ms. Oakley fell and that they needed to be replaced frequently, which Kayla attributed to bad design. In this conversation, Ms. Oakley asked if LTF had camera footage of the incident. Kayla responded that LTF did have camera footage and would retain that footage for thirty (30) days. Ms. Oakley specifically directed that LTF not destroy this footage and keep it for disclosure should this matter ever become litigated. I will assume for purposes of this letter that LTF complied with my client's instructions and has retained the footage. In the event that LTF has not kept the footage, I will instruct the Court that LTF's failure to keep the footage constitutes spoilation and I will seek an adverse instruction against LTF.

In order to further document what she claimed in the Incident Report, Ms. Oakley took several photos of the tile on which she slipped, as well as the injury to her left knee and the broken flip flop. (*See* Photos, attached as Exh. 3.) As can be clearly seen in the photos, the tile was uneven and presented a serious trip hazard. Arizona law is very clear that businesses like LTF are obligated to keep their premises in a condition that are safe for invitees like my client, and that LTF's failure to provide a safe walking area for my client constitutes actionable negligence.

*As laid out more fully below, the injuries sustained by Ms. Oakley are not insignificant. If this matter proceeds to litigation, I will have a medical doctor prepare an expert report in order to determine my client's future prognosis for complications from her injuries.*



**GREGORY LAW GROUP**

MEDICAL MALPRACTICE • PERSONAL INJURY •
WROUGHFUL DEATH

*EST. 2004*

1230 W. Windhaven Avenue
Gilbert, AZ • 85233
Office: (602) 373-0109
Fax: (602) 865-7060
robert@gregorylawaz.com

## MEDICAL TREATMENT

Since her accident on September 23, 2021, Ms. Oakley has received pain injections, chiropractic treatment and physical therapy to treat her knee injury and whiplash.

On October 8, 2021, because the pain in her knee had not abated and her knee was still swollen, Ms. Oakley went to Urgent Care and received a Toradol injection. Soon thereafter, Ms. Oakley presented to Price Chiropractic and began a six-week regimen of 3x/week treatment. (*See* Chiropractic Medical Records, attached as Exh. 4.)

On November 22, 2021, despite doing six weeks of chiropractic care, Ms. Oakley's knee and neck were still in pain. She presented to her primary care physician, Dr. Lawrence Kramer, who referred her to Foothills Sports Medicine to receive physical therapy on her knee and neck. Ms. Oakley started treatment at Foothills Sports Medicine on November 23, 2021 and completed treatment on January 6, 2022. (*See* Foothills Sports Medical Records, attached as Exh. 5.)

The full extent of my client's medical injuries is not presently known, but it is likely that her medical costs will exceed $50,000 before she has completed treatment, especially if she ultimately requires arthroscopic surgery and additional rehab.

## DAMAGES

My client has suffered both economic and pain and suffering damages from the injuries she sustained on September 23, 2021. These damages are summarized as follows:

### (A)   Medical Injuries

Ms. Oakley's knee is still in pain and she is concerned that she may ultimately need arthroscopic surgery to determine if there was more extensive damage to her knee. The cost of arthroscopic surgery and post-surgical recovery could be as much as $35,000 if there is a torn meniscus. My client is going to re-evaluate her knee pain before this summer and if there is still pain she is going to return to her PCP to seek a referral to an orthopedic surgeon.



**GREGORY LAW GROUP**

MEDICAL MALPRACTICE • PERSONAL INJURY •
WRONGFUL DEATH

*EST. 2004*

1230 W. Windhaven Avenue
Gilbert, AZ • 85233
Office: (602) 373-0109
Fax: (602) 865-7060
robert@gregorylawaz.com

**(B)   Emotional Injuries**

Ms. Oakley has suffered extreme mental anxiety and depression due to her injuries. The medical care she was required to receive, and the possibility of future medical care, combined with the monetary costs for medical care and her job, has disrupted Ms. Oakley's mental state and caused her to feel anxiousness, especially when she goes to LTF.

**(C)   Economic Injuries**

Because of the injuries she sustained, Ms. Oakley has not been able to resume her normal work schedule as a professional chef and was required to hire an assistant for her business, resulting in total payments of $2,100.00 from October 12, 2021 until November 27, 2021.

Foothills Sports Medicine has filed a medical lien in the amount of $5,470.00. (*See* Medical Lien and Ledger, attached as Exhs. 6-7.)

Price Chiropractic has issued a final statement for services in the amount of $4,255.00. (*See* Chiropractic Bill, attached as Exh. 8.)

Ms. Oakley has also received seven massages since her accident in the amount of $343.00.

To date, Ms. Oakley has incurred medical and economic costs of over $12,168.00. If Ms. Oakley requires arthroscopic injury in the coming months or years, this cost will rise to over $50,000.00.

**ADDITIONAL LEGAL THEORIES**

It is my client's understanding based on her conversation with LTF's General Manager that LTF was well aware of the trip hazard presented by the tile on which Ms. Oakley slipped. Ultimately, this is a matter subject to discovery (should this matter proceed to litigation), which discovery will reveal how long LTF was aware of the trip hazard yet failed to repair it.

In the event it is established that LTF was aware of but failed to correct the trip hazard, its inaction represents a substantial risk of significant bodily harm to others, i.e., gross negligence, and further opens the door for me to raise to the jury the issue of punitive damages. Prior jury verdicts in Arizona show that juries are willing to award punitive damages against businesses



## GREGORY LAW GROUP

MEDICAL MALPRACTICE • PERSONAL INJURY •
WRONGFUL DEATH

*EST. 2004*

1230 W. Windhaven Avenue
Gilbert, AZ • 85233
Office: (602) 373-0109
Fax: (602) 865-7060
robert@gregorylawaz.com

who knowingly place persons at risk of serious harm. I fully anticipate asking the jury for an award of punitive damages of $250,000.

## DEMAND FOR SETTLEMENT

Ms. Oakley is entitled to reasonable and fair compensation for damages she suffered as a result of the accident caused by your failure to maintain a safe facility.  My client is willing this claim without litigation, and she will entertain any reasonable offer you make.  However, I have been instructed to file suit if your settlement offer is not reasonable and fair. Please note that I have been instructed to file the complaint in Maricopa County Superior Court alleging negligence and punitive damages if this matter has not resolved by May 1, 2022.

*I am currently authorized to accept $125,000 in settlement of my client's claim. If this matter does not settle on or prior to May 1, 2022, then my client will seek a far more substantial amount at the time of trial. I anticipate asking the jury for damages of no less than $500,000, exclusive of punitive damages. I will ask the jury to consider punitive damages in an amount equal to the compensatory damages. If a life care plan shows future medical costs will likely be incurred, then I will ask the jury to award damages consistent with the plan.*

Please review the enclosed documents and contact me to discuss settlement.  This letter is for settlement purposes only and is not intended to be an admission of any relevant facts, nor is it to be offered in evidence or otherwise used for any purpose other than settlement.

Sincerely,

THE GREGORY LAW GROUP

/s/Robert M. Gregory
Robert M. Gregory

RMG/dlg
Enclosures

# EXHIBIT F
Current Docket
Maricopa County Superior Court



Powered by Google **Translate**

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2022-092459 | Judge: | Coffey, Rodrick |
| File Date: | 6/8/2022 | Location: | Southeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Natanya Oakley | Plaintiff | Female | Robert Gregory |
| Lifetime Fitness Inc | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 6/8/2022 | COM - Complaint | 6/9/2022 | |
| **NOTE:** Complaint - Tort Non-Motor Vehicle | | | |
| 6/8/2022 | CSH - Coversheet | 6/9/2022 | |
| **NOTE:** Civil Cover Sheet | | | |
| 6/8/2022 | CCN - Cert Arbitration - Not Subject | 6/9/2022 | |
| **NOTE:** Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 6/8/2022 | SUM - Summons | 6/9/2022 | |
| **NOTE:** Summons | | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

# EXHIBIT G
Declaration of Counsel
June 24, 2022

MATTHEW D. KLEIFIELD, SB#011564
Matthew.Kleifield@lewisbrisbois.com
ROBERT C. ASHLEY, SB #022335
Robert.Ashley@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm email: azdocketing@lewisbrisbois.com
*Attorneys for Defendant Life Time, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Natanya Oakley, a single woman, | No. |
| Plaintiff, | Maricopa County Superior Court Cause No. CV2022-092459 |
| vs. | |
| Lifetime Fitness, Inc., d/b/a Lifetime Fitness, a foreign corporation; John Does I-V; Jane Does I-V; ABC Partnerships I-X; and XYZ Corporations I-X, | **DECLARATION OF ROBERT C. ASHLEY** |
| Defendant. | |

The undersigned, ROBERT C. ASHLEY, hereby declares as follows:

1.    I am counsel for Life Time, Inc. ("Life Time") in this action.

2.    I have firsthand knowledge of the matters set forth herein.  I submit this verification pursuant to LRCiv 3.6(b).

3.    Exhibits A, B, C and D to the Notice of Removal filed concurrently herewith constitute true and correct copies of all pleadings and other documents that have been filed with the Superior Court in and for the State of Arizona, Maricopa County.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED this 24th day of June, 2022.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4882-5487-1846.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LEWIS BRISBOIS BISGAARD & SMITH LLP**


By   _s/ Robert C. Ashley_
   Matthew D. Kleifield
   Robert C. Ashley
   _Attorneys for Defendant Life Time, Inc._

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4882-5487-1846.1    2

# EXHIBIT H
## Notification of Notice
## Of Removal

1
MATTHEW D. KLEIFIELD, SB#011564
Matthew.Kleifield@lewisbrisbois.com
2
ROBERT C. ASHLEY, SB #022335
Robert.Ashley@lewisbrisbois.com
3
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
4
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
5
Telephone: 602.385.1040
Facsimile: 602.385.1051
6
Firm email: azdocketing@lewisbrisbois.com
*Attorneys for Defendant Life Time, Inc.*

7

8                  SUPERIOR COURT OF THE STATE OF ARIZONA

9                      IN AND FOR THE COUNTY OF MARICOPA

10  NATANYA OAKLEY, a single woman,          No. CV2022-092459

11              Plaintiff,                    **NOTIFICATION OF NOTICE OF**
                                             **REMOVAL**
12          vs.

13  LIFETIME FITNESS, INC., d/b/a
    LIFETIME FITNESS, a foreign
14  corporation; JOHN DOES I-V; JANE
    DOES I-V; ABC PARTNERSHIPS I-X;
15  and XYZ CORPORATIONS I-X,

16
               Defendant.
17

18  TO THE CLERK OF THE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:

19          PLEASE TAKE NOTICE that on the 24th day of June, 2022, Defendant Life Time,

20  Inc. (incorrectly named as "Life Time Fitness, Inc.") filed its Notice of Removal in the

21  United States District Court for the District of Arizona for removal of this action to that

22  Court.  A full and correct copy of said Notice of Removal is attached hereto as **Exhibit 1**.

23          DATED this 24th day of June, 2022.

24                                          **LEWIS BRISBOIS BISGAARD & SMITH LLP**

25

26                                          By: /s/ *Robert Ashley*
                                                 Matthew D. Kleifield
27                                               Robert C. Ashley
                                                 *Attorneys for Defendant Life Time, Inc.*
28



ORIGINAL of the foregoing e-filed this
24th day of June, 2022.

COPY of the foregoing emailed this date
to:

Robert M. Gregory
Gregory Law Group
1230 West Windhaven Avenue
Gilbert, Arizona 85233
robert@gregorylawaz.com
*Attorneys for Plaintiff*

/s/ Kathryn M. Mascari

4876-0901-5846.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW